IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PATRICIA VINSON,                                      Civil No. 04-1592-MO

              Plaintiff,

    v.                                                          OPINION AND ORDER

JAMES NICHOLSON, Secretary of
the United States Department of
Veterans Affairs,

              Defendant.

**MOSMAN, J.,**

      Plaintiff, Patricia Vinson, a former employee of the Veterans Canteen Service ("VCS"), filed a lawsuit after she resigned her employment as a Receiving Clerk at the Portland Veterans Affairs Hospital Canteen Service. Ms. Vinson sued for employment discrimination bringing claims for age discrimination under the Age Discrimination in Employment Act ("ADEA") and a retaliation claim under Title VII. The ADEA does not provide for a jury trial when the defendant is a federal employer and therefore, plaintiff's age discrimination claim was tried to the court. *Lehman v. Nakshian*, 453 U.S. 156, 165 (1981). After conducting a three-day jury trial, and reviewing the record, this court finds that Ms. Vinson failed to meet her burden of establishing a prima facie case of age discrimination under her theory of disparate treatment. Even if Ms. Vinson met her burden of establishing a prima facie case of age discrimination, she failed to prove by a preponderance of the evidence that defendant discriminated against her because of her age. It is ordered that judgment be entered in favor of defendant on the ADEA claim.

PAGE 1 - OPINION AND ORDER

I.      BACKGROUND

Prior to trial, defendant filed a motion (#19) for partial summary judgment on plaintiff's claims for sexual harassment, retaliation, and constructive discharge. On November 9, 2005, the court held oral argument and granted defendant's motion for summary judgment on the sexual harassment and constructive discharge claims, but denied the motion with respect to the retaliation claim.

A trial was held from February 7, 2006 through February 9, 2006. Both this court and the jury heard all the evidence in a single trial, and the court submitted only the retaliation claim to the jury. After deliberating for one and one-half days, the jury was unable to reach a verdict and this court declared a mistrial as to the Title VII retaliation claim. After trial, the court invited both parties to submit post-trial briefing on the age discrimination claim. On February 16, 2003, plaintiff submitted a post-trial memorandum (#107), and on February 23, 2003, defendant submitted a post-trial memorandum (#108). This court now renders its decision with regard to the age discrimination claim.

II.     LEGAL STANDARD

The ADEA prohibits discrimination against employees because of age. 29 U.S.C. § 623(a)(1). Of the two theories for recovery under the ADEA, disparate treatment and disparate impact, Ms. Vinson asserts age discrimination only on a disparate treatment theory. The Ninth Circuit employs the *McDonnell Douglas* burden-shifting framework to evaluate ADEA claims. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916-17 (9th Cir. 1996). To succeed on her disparate treatment theory, Ms. Vinson must first establish a prima facie case of age discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

PAGE 2 - OPINION AND ORDER

Ms. Vinson must show (1) she belonged to a protected class; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) she was replaced by a substantially younger person with equal or inferior qualifications. *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745-46 (9th Cir. 2003).

Once the prima facie case is established, the burden then shifts to the defendant to produce evidence that the employment decision was made for a legitimate non-discriminatory reason. *Reeves*, 530 U.S. at 142. If the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision, the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id*. at 143. Ms. Vinson must prove that age "actually played a role in the employer's decision-making process and had a determinative influence on the outcome." *Id*. at 141 (internal quotations and citation omitted); *Pottenger*, 329 F.3d at 745.

III.   FINDINGS OF FACT

Pursuant to Fed. R. Civ. P. Rule 52(a), the court makes the following factual findings by a preponderance of the evidence:

1.   Defendant operates a consolidated, two-division canteen service in Portland, Oregon and Vancouver, Washington. Each division is located within, but is organizationally separate and distinct from, the Department of Veterans Administration ("the VA") hospitals in Portland and Vancouver. The Portland canteen accounts for 90% of the business while the Vancouver canteen accounts for 10% of the business.

2.   The management and employees travel on a shuttle bus between the two locations or use government-owned vans to drive between the two locations. The two locations are a split-

operation within a single 50-mile commute area.

3.      Starting in 1991, Ms. Vinson worked at the Portland campus and continued working there until 2002 when she was transferred to Vancouver. She held the position of Supply Clerk, VC4-05, at both locations.

4.      As a Supply Clerk, Ms. Vinson's duties included, but were not limited to, receiving and pricing inventory, organizing the inventory for merchandising, and periodically operating a cash register. These duties were outlined in the Position Description contained in defendant's exhibit 506.

5.      At all relevant times, Geneva Long was Ms. Vinson's immediate supervisor and Stephen Button, the Canteen Chief, was Ms. Long's supervisor. Ms. Long was born on December 27, 1953, Mr. Button was born on December 25, 1953, and Ms. Vinson was born on January 9, 1950.

6.      In January 2004, Ms. Vinson was 54 years old, and she was performing her job satisfactorily.

7.      By memorandum dated January 30, 2004, Mr. Button informed Ms. Vinson that she was being reassigned back to the Portland campus effective February 16, 2004.

8.      After learning of the transfer, Ms. Vinson left the Vancouver canteen to seek medical attention for feeling emotionally upset. She did not return to work at either location.

9.      At the time of the proposed transfer, Ms. Vinson lived closer to the Portland campus than the Vancouver campus – approximately 20 miles from the Portland campus and approximately 32 miles from the Vancouver campus.

10.     Ms. Vinson's position title and number, as well as her pay plan, occupational code, grade step and pay were to remain exactly the same following the proposed transfer.

11. The Supply Clerk position description (Def.'s Ex. 506) described the position in both the Portland and Vancouver canteens. While Ms. Vinson's duties in Portland may have hypothetically involved more time operating a cash register than she spent on that task in Vancouver, the job description clearly indicates that operating a cash register is part of a Supply Clerk's duties in any location. This difference in the time spent on certain duties between the two locations, with more time operating a cash register in Portland than in Vancouver, reflects the difference in the amount of retail sales conducted by the two canteens.

12. Ms. Vinson contacted an EEO counselor on February 6, 2004 and subsequently resigned by a letter sent on February 17, 2004. This letter cites sexual harassment, hostile work environment, and retaliation as reasons for her resignation, but it does not mention age discrimination. Pl.'s Ex. 35.

13. Mr. Button testified regarding the business reasons for transferring Ms. Vinson to Portland. First, the volume of business in Portland was much greater than in Vancouver, and help was needed in the "short staffed" Portland canteen during the early part of 2004. Second, Ms. Vinson's services and experience as a Supply Clerk were needed in Portland where she would be called upon to perform one of the duties in her job description: training the less-experienced employees in merchandising stock for the canteen. In particular, there was an immediate need in the Portland canteen for someone with Ms. Vinson's years of experience in light of Ms. Long's absence on sick leave due to a heart attack Ms. Long suffered in December 2003. I find Mr. Button's testimony credible.

14. Ms. Vinson's credibility was cast into doubt by substantial contradictory evidence as to the following: she initially complained about the transfer because she alleged the commute would

PAGE 5 - OPINION AND ORDER

be a hardship; she alleged that she was not qualified to be a cashier; she testified that she could not operate the cash registers in Portland; she testified that she did not know how to file a grievance with the Union or present a claim to the EEOC. Various other witnesses observed Ms. Vinson operate a cash register, and defendant presented impeachment evidence indicating that Ms. Vinson had experience filing grievances or complaints against employment practices she perceived to be unlawful.

15.   Veronica Villa-Rodriguez, who was 28 years old, eventually filled the Vancouver Supply Clerk position.

IV.   CONCLUSIONS OF LAW

Ms. Vinson failed to meet her burden to establish a prima facie case of age discrimination. Although she did prove her membership in a protected class, satisfactory job performance and replacement by a substantially younger worker, I find that the evidence does not support Ms. Vinson's allegation that she suffered an adverse employment action by defendant's act of transferring her back to the Portland canteen. The credible evidence shows that the transfer would not have negatively affected her job duties, pay, seniority, or other benefits, nor was it a burden on Ms. Vinson to travel to Portland instead of Vancouver. Ms. Vinson's speculation as to the negative consequences of this transfer in terms of her pay-grade or job duties is just that, speculation.

Furthermore, the court finds that even if Ms. Vinson met her burden of establishing a prima facie case of age discrimination, she was not able to prove by a preponderance of the evidence that defendant's legitimate reasons for transferring her were a pretext for discrimination. Credibility problems plagued both sides of this case. To the extent Ms. Vinson relies on her own

credibility to establish pretext, through her recollection of management's stated reasoning for the proposed transfer or otherwise, I find that she was not credible. In other words, Ms. Vinson failed to show that age actually played a role in the decision-making process and had a determinative effect on the outcome. *See Reeves*, 530 U.S. at 141.

After crediting as true Mr. Button's testimony about the business reason for Ms. Vinson's transfer, I find that Ms. Vinson failed to meet her ultimate burden of persuasion to show defendant's legitimate reason was pretext for discrimination. There is no credible evidence that management transferred Ms. Vinson *because of* her age or that her age had a determinative influence on the outcome.

V.     CONCLUSION

Therefore, judgment shall be entered in favor of defendant on plaintiff's age discrimination claim.

IT IS SO ORDERED.

DATED this   9th   day of March, 2006.

                                         /s/ Michael W. Mosman
                                         MICHAEL W. MOSMAN
                                         United States District Court